IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 06-0163

_____

IN RE REVISION OF THE RULES FOR          )
CONTINUING LEGAL EDUCATION               )          O R D E R
                                         )

_____

The Montana Commission of Continuing Legal Education has filed a petition asking the Court to amend the Rules for Continuing Legal Education. The Court published the proposed changes and accepted public comment on them. One comment was filed.

IT IS ORDERED that the amendments proposed to the Rules for Continuing Legal Education are adopted, effective beginning with the 2013-2014 reporting year.

A copy of this order and the attached rules shall be published on the Court's website.

The Clerk is directed to provide copies of this Order and the attached rules to K. Paul Stahl, Chair of the Commission of Continuing Legal Education, and to the State Bar of Montana.

DATED this 2nd day of April, 2013.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE

# RULES FOR CONTINUING LEGAL EDUCATION
In the Supreme Court of the State of Montana

## Principles

1.      The primary purpose of Mandatory Continuing Legal Education (MCLE) in Montana is to improve the competence of attorneys.

2.      The MCLE program should function in the interest of consumer protection, assisting Montana attorneys in remaining abreast of changes in the law and in the practice of law in order to better serve the public.

3.      Regulatory authority for MCLE rests with the Montana Supreme Court.  In light of the authority of the Court provided in Article VII, Section 2 of the Montana Constitution permitting the Court to make rules governing admission to the bar and the conduct of its members, the Court oversees the continuing legal education system with the same thoughtful deliberation it devotes to deciding cases.

4.      The MCLE program should be a means of inculcating principles of ethics and professional conduct, as well as providing knowledge and training in substantive areas of the law.

5.      Based on the belief that interaction with fellow attorneys contributes to the learning process and advances the goal of civility in the practice of law, a significant portion of the MCLE requirement should be satisfied by interactive seminars or by such methods that allow for interaction among the participants and the instructor by electronic means.

6.      Because the profession's obligation to the public is paramount, all active attorneys must comply with MCLE, subject to the need to accommodate special circumstances, as long as they remain in the practice.

7.      The MCLE program should be administered for the Court by the State Bar in a cost effective manner, with the aim being neither to generate revenue nor produce financial losses for the Bar.

8.      There should be an on-going evaluation of the effectiveness of MCLE, particularly in terms of whether it helps attorneys meet their obligations to the public.

## Rule 1 – Purpose

These rules establish standards for the continuing legal education required of all persons licensed to practice law in the State of Montana. It is of primary importance to the members of the State Bar of Montana and to the public that attorneys continue their legal education throughout their active practice of law.

## Rule 2 – Definitions

A. "Active Member" means any person who is licensed to practice law in the State of Montana and who pays "Active Member" dues to the State Bar of Montana.

B. "Approved Legal Education Activity" means an individual seminar, course, or other activity approved by the Commission.

C. "Commission" means the Montana Commission of Continuing Legal Education.

D. "Board of Trustees" means the Board of Trustees of the State Bar of Montana.

E. "Legislator Member" means a member of the State Bar of Montana who is holding office as a duly elected or appointed member of the Montana House of Representatives or the Montana Senate.

F. "Chairperson" means the chairperson of the Commission.

G. "Credit Hour" means sixty (60) minutes of approved legal education activity.

H. "Emeritus Members" are those who have been granted emeritus status under Article I, Section 3(g) of the By-Laws of the State Bar of Montana.

I. "Inactive Member" means any person who is licensed to practice law in the State of Montana and who pays "Inactive Member" dues to the State Bar of Montana.

J. "MCLE Administrator" is the person designated by the Commission, with the approval of the Executive Director of the State Bar of Montana.

K. "Rule" or "Rules" refers to the Rules for Continuing Legal Education.

L. "Reporting Year" means April 1st through March 31st.

## Rule 3 - Commission

A. Membership, Appointment, and Terms.

The Commission consists of nine (9) members, six (6) of whom shall be admitted to practice law in the State of Montana, and three (3) of whom shall be residents of the State not admitted to the practice of law. The State Bar shall nominate and the Court shall appoint members for three-year terms. Each yearly class of members shall include two lawyers and one layperson. In addition, one member of the Montana Supreme Court shall serve as an ex-officio member of the Commission.

The Commission shall designate one of its attorney members to serve as Chairperson for a term of two years. A Commission member may serve no more than two consecutive terms

as Chairperson. The MCLE Administrator shall serve as Secretary to the Commission. The Court may terminate membership on the Commission in accordance with the By-Laws of the State Bar. In the event of a vacancy, a successor will be appointed by the State Bar of Montana to serve the unexpired term. The successor will be given first consideration for appointment to a full term at the expiration of the interim appointment.

The Commission has authority to act when a quorum is present. A quorum of the Commission consists of five (5) or more of its members.

B. Powers of the Commission.
   1. The Commission shall administer and interpret these Rules.
   2. The Commission shall:
      a. Determine whether, under Rules 6 and 7, all or portions of individual courses and programs not presented by an Accredited Sponsor are approved legal education activities;
      b. Determine the number of credit hours allowed for each approved legal education activity, including those of Accredited Sponsors;
      c. Designate Accredited Sponsors and annually review such designations;
      d. Report annually to the Board of Trustees;
      e. Assess annual affidavit filing fees to pay the reasonable and necessary costs of administering these rules, assess penalty fees for failure to file affidavits as required by Rule 5, assess a fee for the reinstatement to active practice of attorneys under Rule 12, assess sponsor fees, and assess other fees deemed necessary by the Commission;
      f. Meet at least three times per year. The time, method, and place of meetings shall be at the discretion of the Commission, subject to these Rules; and
      g. Place upon any member seeking to qualify under these rules the burden of proof.
      h. Direct the State Bar of Montana to transfer attorneys not in compliance with Rule 5 from active status to inactive status.
   3. The Commission may take other action deemed necessary to administer these rules.

C. Committees.
The chairperson may appoint one or more committees, which shall either be standing or ad hoc, as appropriate, but there shall be a standing committee known as the "Accreditation Committee", consisting of a least three (3) members of the Commission. The Accreditation Committee shall have the interim authority to determine requests for exemption or extension under Rule 4 and earned hours of accreditation under Rules 6 and 7.

D. Expenses of the Commission.
Members of the Commission shall not be compensated except for actual and necessary expenses incurred in the performance of Commission duties.

E. Annual Budget.
The Commission shall submit an annual budget to the Board of Trustees for approval.

Expenses of the Commission shall not exceed the annual budget approved by the Board of Trustees.

F.  MCLE Administrator.

The Commission may delegate its power to the MCLE Administrator pursuant to guidelines established by the Commission. At each meeting of the Commission, the MCLE Administrator shall report on all determinations made since the preceding meeting of the Commission.

G.  Authority.

The Commission shall operate, for administrative purposes only, under the general authority of the Board of Trustees. For all other purposes including amendments to the rules, recommendations for changes in the methods of operation, and reports on the effectiveness of enforcement, the Commission shall operate under the authority of the Court.

## Rule 4 – Education Requirements, Exemptions, and Extensions

A. Active Member Minimum MCLE Requirements:

Each active member must earn a minimum of fifteen (15) credit hours of approved continuing legal education each reporting year. Of those fifteen (15) credit hours, at least ten (10) credit hours must be earned by attendance at interactive seminars as defined in Rule 7. No more than five (5) credit hours may be earned through "other methods" as defined in Rule 7.

Of the fifteen (15) credit hours of continuing legal education required each reporting year, at least two (2) credit hours must be in ethics. "Ethics" means the accepted principles of professional conduct and responsibility as established by the Montana Rules of Professional Conduct or established by other state or national rules of professional conduct for lawyers.

Approved programs on the relationship between substance abuse, chemical dependency, or debilitating mental illness as they relate to a lawyer's professional responsibilities, satisfy the requirement for ethics credits.

If a member earns more interactive credits than required in any year, the excess interactive credits may be carried forward and applied to satisfy the requirements of these rules in one or both of the next two reporting years. A maximum of thirty (30) interactive credit hours may be carried forward.

Credits, including ethics credits, earned in any reporting year by "other methods" as defined in Rule 7, may not be carried forward or applied to satisfy any requirement of these rules for any subsequent reporting year.

B.Emeritus Member Continuing Legal Education Requirement:

Each emeritus member shall complete a minimum of ten (10) credit hours of approved continuing legal education activity each year. Each of those ten (10) credit hours must be certified by a qualified provider of legal services, as defined in Section 3(g)(vi) of the By-laws of the State Bar of Montana, as training prescribed for emeritus lawyers and related to the field of law for which such lawyers provide legal services to persons unable to pay for such services. In addition, of the ten (10) credit hours, at least five (5) credit hours must be earned by attendance at interactive seminars as defined in Rule 7. No more than five (5) credit hours may be earned through "other methods" as defined in Rule 7.

If an emeritus member accumulates more interactive credits than required in a year, the excess interactive credits may be carried forward and applied to either or both of the next two succeeding years. Credits earned by "other methods" may not be carried forward. A maximum of twenty (20) interactive credit hours may be carried forward. Emeritus members are subject to the same requirements as active members for credit hours in ethics. All CLE filing fees shall be waived for emeritus members.

C. Inactive Member Continuing Legal Education Exemption:
An inactive member is exempt from the continuing legal education requirement of these rules.

D. Legislator Member and Governor Continuing Legal Education Exemption:
A legislator member or the Governor of the State of Montana is exempt from the continuing legal education requirement of these rules during his or her term of office as a member of the Montana House of Representatives, as a member of the Montana Senate, or as the Governor.

E. Judiciary Member Continuing Legal Education Exemption:
A full-time judge or retired judge eligible for temporary judicial assignment and not engaged in the practice of law is exempt from the continuing education requirement of these rules.

A full-time judge is an elected or appointed member of the Judiciary who devotes his or her full-time professional activity to his or her position as a judge. The Judiciary includes Montana Supreme Court justices, Montana district court judges, tribal judges, Montana water court judge, Montana workers' compensation judge, Montana justices of the peace, Montana city judges, Montana municipal judges, and federal administrative law judges, U.S. circuit court judges, U.S. district court judges, U.S. Magistrates, and U.S. bankruptcy judges.

F. Other Exemptions: Exemptions may be granted by the Commission as follows:
1. Exemptions due to special circumstances: Upon written and sworn application, accompanied by the annual filing fee required by Rule 3B2(e), the Commission may exempt an attorney from all or a portion of the continuing legal education requirement for a period of not more than one (1) year upon a finding by the Commission of special circumstances,

unique to that member, constituting undue hardship. Such circumstances include:

a. Severe or prolonged illness or disability of the member that prevents the member from participating in approved continuing legal education activities. If the member is disabled or hospitalized, a sworn statement from another person who is familiar with the facts may be accepted;

b. Extended absence from the United States; or

c. Other extenuating circumstances.

2. An exemption may not be granted in successive years for the same or similar hardship.

3. Exemption during year of admission: An active member is exempt from the continuing legal education requirement of these rules during the balance of the reporting year during which he or she is admitted.

G. Waiver:

If an active member requests to become an inactive member after the Commission has notified the Court of noncompliance, the Commission may waive the continuing legal education requirement for the previous year.

H. Extensions:

The Commission may grant an extension of time for the reporting requirement of Rule 5, upon a finding by the Commission of special circumstances unique to that member constituting undue hardship.

I. Burden of Proof:

The burden is on the member to submit and satisfy the requirements of these rules.

## Rule 5 – Reporting Requirements

A. Report.

On or before April 15 of each year, the Commission shall provide each active member, except those granted an exemption under Rule 4, a preliminary report of all CLE credits accumulated by that member in the previous reporting year. If the member finds the preliminary report to be inaccurate or incomplete, he or she shall provide corrections in writing to the CLE administrator by May 15. If the Commission determines the corrections incomplete or ambiguous, additional information may be required from the reporting member. The preliminary report, including Commission-approved corrections, if any, will be deemed the official report on June 1.

B. Fee.

The Commission shall require payment of a fee not to exceed twenty-five dollars ($25.00), which each reporting attorney must pay to defray the cost of maintaining records and enforcing the Rules. The prescribed fee shall accompany the Supreme Court License Tax and the State Bar of Montana Membership Dues submitted by each attorney. Failure to pay the prescribed fee constitutes noncompliance under Rule 12.

C. Noncompliance Fees.

In addition to the filing fee prescribed in Rule 3B2(e), attorneys deemed noncompliant who correct the deficiency on or before July 1, as provided in Rule 12A, shall be assessed an additional fee. Non-compliance after July 1 shall be governed by Rule 12.

D.  Burden.

The burden is on the member to submit and satisfy the requirements of these rules, and failure to respond in a timely manner shall constitute noncompliance under Rule 12.

## Rule 6 – Credit Hours  and Accreditation Standards

A.   Credit Hours.

The Commission shall designate the number of credit hours to be earned by participation in or teaching of approved continuing legal education activities.

Credit shall be earned on the basis of one (1) credit hour for each sixty (60) minutes actually spent by a member in attendance at an approved activity or in preparation for and teaching of an approved activity.  Credit will not be earned for time spent in introductory remarks, coffee and luncheon breaks, or business meetings.  Further, credit will not be earned for speeches presented at, or attendance at, luncheons or banquets.  Repetition of an activity does not qualify for credit.

B. Accreditation and Accreditation Standards - General.

The Commission may approve continuing legal education activities when consistent with these Rules.  The following standards as to content shall govern the approval of a continuing legal education activity:

1. It shall have significant legal content or application;

2. Its primary objective shall be to increase professional competence as a lawyer;

3. It shall constitute an organized program of learning dealing with matters directly related to the practice of law, professional conduct, or the ethical obligations of lawyers;

4. It shall be conducted by an individual or group qualified by practical or academic experience in a setting physically suited to the educational activity of the program; and

5. It should include thorough, high-quality, and carefully prepared written materials to be distributed to all attendees at or before the time the course is presented. While it is recognized that written materials are not suitable or readily available for some types of

subjects, the absence of written materials for distribution should be the exception and not the rule.

6. It shall not be offered on a basis that discriminates against attendees on account of race, color, sex, sexual orientation, culture, social origin or condition, or political or religious ideas.

C. The burden is on the member to submit and satisfy the requirements of these rules.


## Rule 7 – Types of Programs and Activities that Qualify for Credit

A. All activities must meet the standards set forth in Rule 6B. The following methods of presentation will be considered for credit:

1. Interactive seminars - a minimum of ten (10) credit hours per year must be earned by attending interactive seminars. An interactive seminar is an activity where the instructor and at least four other participants are available to interact with each other for the purpose of further discussion or answering questions.

2. Other methods – a maximum of five (5) credit hours per year may be earned by participation in any one or a combination of the following other methods:

a. Using audio- or video-produced material;

b. Participating in online seminars that do not involve interaction with instructors and other participants;

c. Writing an article which appears in any *Law Review* published by an ABA-accredited law school;

d. Attending courses taught at an ABA-accredited law school subsequent to being admitted to the State Bar of Montana;

e. Teaching and preparing written materials for an approved activity. Repetition of such teaching activity does not qualify for credit;

f. Attending in-house courses offered by law firms, corporate legal departments, or similar entities primarily for the education of their employees or members. The standards set forth in Rule 6B are applicable to the approval of individual in-house courses. In addition, the following additional standards must be met:

i. An application for approval must be filed with the Commission before the date on which the course is to be held. The Applicant will be expected to furnish curriculum materials and a schedule and to provide assurances that client-related matters and case studies are not part of the credit hours being sought;

ii. The course must be attended by five (5) or more lawyers, including the instructor;

iii. The course must be scheduled at a time and location so as to be free of interruption from telephone calls and other office matters;

iv. The applicant must agree to permit any member of the Commission, or a designee of the Commission, including the MCLE Administrator, to be in attendance at the

activity if deemed necessary by the Commission;

      g. Satisfactorily completing an approved self-study program; or

      h. Utilizing any other method if the applicant can demonstrate the activity has significant legal content and the primary objective of the activity is uniquely connected to the practice of law.

    3. The burden is on the member to submit and satisfy the requirements of these rules.

  B. The following will not be considered for credit:

    1. Bar Review Courses.  Credit shall not be earned for any bar review course offered in any state or for any other course attended before admission to practice law in any state.

    2. Teaching at Educational Institutions.  Teaching in scheduled activities of any educational institution by an attorney who has an employment relationship with the institution, either as an employee or as a contractor, or by an attorney who is a guest speaker on a regular basis is not an approved continuing legal education activity under this rule.


## Rule 8 – Presumptive Accreditation

    The Commission may recognize and presumptively accredit courses that have been accredited by *and* held in other states.  The Commission will grant the same number of credits to each course that was granted in the state in which the course was presented.  The Commission retains the right to reject accreditation of any course that it believes does not meet the standards set out in rule 6(B) or for which documentation of accreditation is not provided.


## Rule 9 - Accreditation

    A. A sponsor (other than an Accredited Sponsor) or an individual member may seek advance approval on a form provided by the Commission, accompanied with a filing fee in an amount to be determined by the Commission each year.  The same procedure may be followed after presentation of the activity, except that, unless waived by the Commission, requests for approval of activities must be submitted before March 31 of the reporting year in which the activity was presented.  Courses submitted after the March 31 deadline will incur a late filing fee not to exceed fifty dollars ($50.00).  The Commission, with the MCLE Administrator, shall advise the applicant in writing whether the activity is approved and, if approved, the number of credit hours allowed.

    B. Except as provided above, no credit will be recognized without application and approval.  Any delay which takes place in making a determination on a request for approval does not relieve the member from compliance with the Rules.

## Rule 10 Accredited Sponsors

A.  An Accredited Sponsor is an organization designated as such by the Commission. Continuing legal education activities presented by an Accredited Sponsor are approved legal education activities.

B.  An application for approval as an Accredited Sponsor shall be submitted annually on a form provided by the Commission and accompanied by a filing fee in an amount to be determined by the Commission each year.  Applications shall be evaluated under criteria defined in Rules 6 and 7.  A sponsor shall not be accredited unless it has offered five or more separate continuing legal education activities during the preceding year.

C.  Upon approval as an Accredited Sponsor, the organization is exempt from the requirement of applying for approval of individual programs.  Documentation for individual programs must be submitted prior to December 31 of the calendar year in which the activity was presented.  Documentation submitted after the December 31 deadline will not be considered unless accompanied by a late filing fee not to exceed fifty dollars ($50.00).  The Commission will determine the number of credit hours for each continuing legal education activity.

D.  The Commission may at any time re-evaluate and revoke the status of an Accredited Sponsor if a program fails to meet either the accreditation standards set forth in Rule 6B or the methods of presentation set forth in Rule 7.

E.  A list of organizations or groups which are approved as Accredited Sponsors of continuing legal education activities will be maintained by the MCLE Administrator in the office of the State Bar of Montana.  A current list of Accredited Sponsors will be published in the *Montana Lawyer*.


## Rule 11 – Appeals

An attorney or sponsoring agency disagreeing with a determination of the Commission, the Accreditation Committee, or the MCLE Administrator, other than the noncompliance provisions of Rule 12, shall submit his or her statement, together with supporting data, to the Commission.  The Commission shall consider the matter at its next regular meeting.  The Commission shall send written notice to the sponsoring agency or attorney advising of the date, time, and location of the meeting and advise that he or she has the right to appear at the meeting and present any evidence on his or her behalf.  Consideration of the matter is not an

adversarial or contested proceeding, and formal rules of evidence shall not apply. The Commission shall determine the matter by majority vote of those present and its decision shall be final.

## Rule 12 – Noncompliance

A. Notice of Noncompliance.

The Commission shall, by June 1 of each year, send a written notice of noncompliance to each attorney who has not fulfilled the CLE requirements for the previous year as documented by the official report compiled through the procedure outlined in Rule 5. The notice of noncompliance shall describe the nature of the noncompliance and shall state that, unless the attorney files an acceptable update to the official report with the Commission by July 1 of that year showing that the noncompliance has been corrected and pays the appropriate fees, the Commission will direct the State Bar of Montana to transfer the attorney to inactive status until the noncompliance is corrected and the fees required by Rule 5 are paid.

B. Notice of Transfer.

No later than ten (10) Business days after July 1, the Commission shall furnish the names of the attorneys and the effective date of their transfers to inactive status to the named attorneys, to the Montana Supreme Court, to the Clerk of the Montana Supreme Court, to the Clerks of the District Courts of the State of Montana with the request that they provide a copy to the district judges in their judicial districts, to the Clerk of the Federal District Court of the District of Montana, with a request that the Clerk provide a copy to the United States District Judges in Montana and to the Clerk of the Circuit Court of Appeals of the Ninth Circuit.

C. Transfer Not Punishment.

The transfer of an attorney to inactive status pursuant to this Rule shall not be deemed a punishment or disciplinary action for purposes of the Montana Rules of Professional Conduct or the Montana Rules for Lawyer Disciplinary Enforcement.

D. Fee for Reinstatement.

An attorney transferred to inactive status pursuant to this Rule shall apply for reinstatement as provided in Section 3 of the By-Laws of the State Bar of Montana and shall pay to the State Bar of Montana a fee equal to the greater of two hundred dollars ($200.00) or the usual and customary fee charged by the State Bar of Montana for transferring a member from inactive to active status.

## Rule 13 – CLE Requirement Upon Reinstatement to Active Status or After Suspension

This rule applies to an attorney transferred to inactive status in accordance with Rule 12 or suspended from the practice of law who applies for reinstatement to active practice. The attorney may be reinstated by the Court upon the payment of all fees required by the Commission and certification by the Commission that the attorney has completed the minimum continuing legal education requirements. The attorney shall have completed fifteen (15) hours of approved continuing legal education for each 12-month period the attorney was on inactive status or suspended from the practice of law. The total continuing legal education requirement under all of the foregoing shall not exceed thirty (30) hours. The Commission may consider hours of approved continuing legal education that the attorney has completed within twenty-four months prior to the application for reinstatement.

## Rule 14 – CLE Requirement Upon Change From Voluntary Inactive or Resigned Status to Active Status

This rule applies to an attorney who voluntarily switched from active to inactive status or who resigned membership in the State Bar and who applies for reinstatement to active status. Within 6 months of re-admission to active status by the Court, the attorney shall complete 15 hours of approved continuing legal education for each 12-month period of inactive or resigned status, not to exceed a total of 30 hours. The Commission may consider hours of approved continuing legal education which the member has completed within 24 months prior to the application for reinstatement to active status.

Attorneys who believe their occupations during inactive or resigned status are sufficient to warrant readmission to active status without being required to make up continuing legal education credits may submit petitions to the Court for such re-admission setting forth the grounds for re-admission.

If an active member requests to become an inactive member, the continuing legal education requirement may be waived for the preceding year.

## Rule 15 – Confidentiality

Unless otherwise directed by the Supreme Court or these Rules, the files, records and proceedings of the Commission, as they relate to or arise out of any failure of any attorney to satisfy the requirements of these Rules, shall be deemed confidential and shall not be disclosed, except in furtherance of the duties of the Commission, upon the request of the Commission on Practice, or the attorney affected, or as introduced into evidence or otherwise produced in proceedings under these Rules. After the Commission directs the State Bar of Montana to transfer an attorney to inactive status, the matter becomes one of public record

and is no longer confidential.